UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
*LE BERNARDIN, INC., MAGUY LE COZE, AND*
*ERIC RIPERT*
666 Third Avenue
New York, New York 10017
(212) 545-4000

    ATTORNEYS OF RECORD:
        FELICE B. EKELMAN, ESQ.
        NOEL P. TRIPP, ESQ.

| | |
|---|---|
| LUIS PAZOS AND MIGUEL GONZALES on behalf of themselves and other similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>LE BERNARDIN, INC., MAGUY LE COZE, and ERIC RIPERT<br><br>        Defendants. | **VIA ECF**<br><br>Civil Action No. 11-CV-8360<br><br>**Sullivan, J.** |

TO:   D. MAIMON KIRSCHENBAUM
       DENISE SCHULMAN
       CHARLES JOSEPH
       JOSEPH, HERZFELD, HESTER &
       KIRSCHENBAUM LLP
       *ATTORNEYS FOR PLAINTIFF*
       233 Broadway, 5th Fl.
       New York, NY 10279
       (212) 688-5640

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MAGUY LE COZE AND ERIC RIPERT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Abel v. NYC, Human Resources Admin.,
   10 CV 0295, 2011 U.S. Dist. LEXIS 23780, 2011 WL 812309 (S.D.N.Y. Mar. 2,
   2011) ............................................................................................................................3

Acosta v. Yale Club of N.Y.C.,
   94 CV 0488, 1995 U.S. Dist. LEXIS 14881, 1995 WL 600873 (S.D.N.Y. Oct. 12,
   1995) ............................................................................................................................3

Allison v. Round Table Inv. Mgmt. Co., LP,
   10 CV 01144, 2010 U.S. Dist. LEXIS 113937, 2010 WL 4456648 (S.D.N.Y. Oct. 21,
   2010), aff'd. 2012 U.S. App. LEXIS 716, 2012 WL 89968 (2d Cir. Jan. 12, 2012) ................3

Arencibia v. 2401 Restaurant Corporation,
   699 F. Supp. 2d 318 (D.D.C. 2010) .................................................................................7

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) ............................................................................................. passim

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. passim

Bravo v. Eastpoint Int'l, Inc.,
   99 CV 9474, 2001 U.S. Dist. LEXIS 3647, 2001 WL 314622 (S.D.N.Y. Mar. 30,
   2001) ............................................................................................................................7

Cannon v. Douglas Elliman, LLC,
   2007 U.S. Dist. LEXIS 91139, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ...................6

Carter v. Dutchess Cmty. Coll.,
   735 F.2d 8, 12 (2d Cir. 1984) .........................................................................................4

Diaz v. Consortium for Worker Educ., Inc.,
   06 Civ. 7092, 2010 U.S. Dist. LEXIS 107722, 2010 WL 3910280 (S.D.N.Y. Sept. 28,
   2010) ............................................................................................................................6

Herman v. RSR Sec. Servs.,
   172 F.3d 132 (2d Cir. 1999) ...........................................................................................4

Nakahata v. New York Presbyterian Healthcare Sys.,
 10 Civ. 2661, 2011 U.S. Dist. LEXIS 8585, 2011 WL 321186 (S.D.N.Y. Jan. 28,
 2011) ............................................................................................................................3

Tracy v. NVR, Inc.,
 04 CV 6451, 2009 U.S. Dist. LEXIS 90778, 2009 WL 3153150 (W.D.N.Y. Sept. 30,
 2009), aff'd. 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ..................................................6

Williams v. City of New York,
 03 Civ. 5342, 2005 U.S. Dist LEXIS 26143, 2005 WL 2862007 (S.D.N.Y. Nov. 1,
 2005) ............................................................................................................................2

Wolman v. Catholic Health Sys. Of Long Island,
 10-cv-1326, 2011 U.S. Dist. LEXIS 48223, 2011 WL 1741905 (E.D.N.Y. May 5,
 2011) ............................................................................................................................5

Xue Lian Lin v. Comprehensive Health Mgmt.,
 08 CV 6519, 2009 U.S. Dist. LEXIS 29779, 2009 WL 976835 (S.D.N.Y. Apr. 8,
 2009) ........................................................................................................................4, 5

Zhong v. August August Corp.,
 498 F. Supp. 2d 625 (S.D.N.Y. 2007) ........................................................................3

**STATUTES**

29 U.S.C. § 203(g) ..............................................................................................................4

Defendants Maguy Le Coze ("Le Coze") and Eric Ripert ("Ripert") (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendant Le Bernardin, Inc. ("Le Bernardin") is a New York corporation that operates Le Bernardin restaurant in New York. Exhibit A at ¶ 3.[1] Plaintiffs, former employees of Le Bernardin, Inc., bring this putative collective action against Le Bernardin, Le Coze, and Ripert, asserting: (i) alleged failure to properly pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL", together with the FLSA the "Wage Laws"); (ii) alleged deduction from tips in violation of NYLL §§ 196-d; and (iii) alleged failure to pay spread of hours compensation in violation of the NYLL. Exhibit A at ¶¶ 34-59.

Although Le Coze and Ripert are named defendants in this action, the Complaint is utterly devoid of any factual allegations that establish that either is an "employer" under the Wage Laws. Rather, the Complaint merely alleges in conclusory fashion that "[u]pon information and belief" Ripert "is a chef/owner and operator of Le Bernardin" and that he "exercises sufficient control of the restaurant's day to day operations...." Exhibit A at ¶ 5. Similarly, the Complaint conclusively asserts, also "[u]pon information and belief, that Le Coze is an "owner and operator of Le Bernardin" and "exercises control over the restaurant's day to day operations." Exhibit A at ¶ 6. Nothing more with respect to Le Coze or Ripert is alleged.

---

[1] Exhibits are attached to the Affidavit of Felice B. Ekelman in Support of Defendant's Motion for Judgment on the Pleadings ("Ekelman Aff.") and are referenced herein as "Ex. ___." Plaintiff's Complaint in this matter is Exhibit A.

1

This utter lack of factual pleading (to say nothing of factual specificity), leaves the Complaint well short of the revised pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). For these reasons, and the reasons set forth in further detail below, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint in its entirety against them.

## LEGAL STANDARDS APPLICABLE TO THIS MOTION

On a motion to dismiss under FRCP 12(b)(6), a Court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." See Williams v. City of New York, 03 Civ. 5342, 2005 U.S. Dist LEXIS 26143, at *4-5, 2005 WL 2862007, at *2 (S.D.N.Y. Nov. 1, 2005) (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." See, e.g., Iqbal, 129 S. Ct. at 1939. As a result, legal conclusions "must be supported by factual allegations." See id., at 1949.

Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; Twombly, 550 U.S. at 556. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Id. at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims

across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 129 S. Ct. at 1950-51.

As this Court has observed, "This standard is met 'when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged.'" Allison v. Round Table Inv. Mgmt. Co., LP, 10 CV 01144, 2010 U.S. Dist. LEXIS 113937, at *6, 2010 WL 4456648, at *2 (S.D.N.Y. Oct. 21, 2010) (emphasis added), aff'd. 2012 U.S. App. LEXIS 716, 2012 WL 89968 (2d Cir. Jan. 12, 2012) (quoting Twombly, 550 U.S. at 570 and Iqbal, 129 S. Ct. at 1949; see also Abel v. NYC, Human Resources Admin., 10 CV 0295, 2011 U.S. Dist. LEXIS 23780, at *13, 2011 WL 812309, at *5 (S.D.N.Y. Mar. 2, 2011) (holding that "plaintiff has failed to plead any facts to plausibly allege" a cognizable action under the Americans with Disabilities Act and dismissing plaintiff's claims). Within the context of the FLSA, courts in this District have held that "Both the FLSA and NYLL require that a complaint state more than vague legal conclusions to survive" a motion to dismiss pursuant to Rule 12(b)(6). Nakahata v. New York Presbyterian Healthcare Sys., 10 Civ. 2661, 2011 U.S. Dist. LEXIS 8585, at *21, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011); Zhong v. August August Corp., 498 F. Supp. 2d 625 (S.D.N.Y. 2007); Acosta v. Yale Club of N.Y.C., 94 CV 0488, 1995 U.S. Dist. LEXIS 14881, at *11, 1995 WL 600873, at *3-4 (S.D.N.Y. Oct. 12, 1995).

## ARGUMENT

### PLAINTIFFS FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS LE COZE OR RIPERT

Plaintiffs' claims against the individual defendants, Le Coze and Ripert, are insufficient to survive a motion to dismiss. In support of their claims under the Wage Laws

against the individually-named Defendants, Plaintiffs merely recite that "[u]pon information and belief" Ripert "is a chef/owner and operator of Le Bernardin" and that he "exercises sufficient control of the restaurant's day to day operations...." Exhibit A at ¶ 5. Similarly, the Complaint conclusively asserts, also "[u]pon information and belief, that Le Coze is an "owner and operator of Le Bernardin" and "exercises control over the restaurant's day to day operations." Exhibit A at ¶ 6. Following these statements, Plaintiffs then make the balance of their conclusory allegations under the Wage Laws against "Defendants." See, e.g. Ex. A at ¶¶ 21-33. This inadequate pleading is a poor substitute for properly pled allegations that either Le Coze or Ripert are an "employer" within the meaning of the Wage Laws, a prerequisite for proceeding on such a theory under either statute. See Xue Lian Lin v. Comprehensive Health Mgmt., 08 CV 6519, 2009 U.S. Dist. LEXIS 29779, at *5, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 8, 2009) (noting that both the FLSA and NYLL employ similar standards with respect to employment status).

Under the FLSA, an entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Pursuant to the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question...with an eye to the 'economic reality' presented by the facts of each case. Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999). While not exclusive, the "economic realities test" generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment; and (4) maintained employment records." Herman, 172 F.3d at 139 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).

The Complaint, however, is glaringly devoid of *any* of the elements of the economic reality test and does not assert any factual allegations that even suggest, much less allege, that either Le Coze or Ripert could or did control the workers in question. Plaintiffs assert *no facts* that Le Coze or Ripert were able to or actually did hire and fire Plaintiffs, control Plaintiffs' work schedules or employment conditions, determine Plaintiffs' rate and method of pay, or maintain employment records (to say nothing of alleging that either Le Coze or Ripert actually did so), other than stating their ownership interest and alleging that they "exercise[] control over the restaurant's day to day operations." Information relating to the economic realities test, as with all of Plaintiffs' claims, is glaringly absent from the Complaint despite being "wholly within [p]laintiffs' possession." Wolman v. Catholic Health Sys. Of Long Island, 10-cv-1326, 2011 U.S. Dist. LEXIS 48223, at *10, 2011 WL 1741905, at *3 (E.D.N.Y. May 5, 2011). If Le Coze or Ripert hired or fired any Plaintiff, supervised or scheduled any Plaintiff, determined the rate of pay of any Plaintiff or maintained the employment records for any Plaintiff, Plaintiffs should so claim in their Complaint. If Plaintiffs cannot allege that Le Coze or Ripert have engaged in any of the above acts, then Plaintiffs' cursory pleading should not be a substitute for the factual content necessary to withstand dismissal.

In Lin, Judge Castel found similar allegations inadequate to nudge a complaint past a motion to dismiss. Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA. Id. at *2. The Lin Court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA. Id. The Lin Court found, among other things, that allegations such as "Defendants employed Plaintiffs

5

within the meaning of the FLSA" were not "adequate to state a claim because '[it is] a legal conclusion.'" Id.

Here, Plaintiffs similarly do not identify a single fact relating to the economic realities test. Instead, Plaintiffs rely on Le Coze's or Ripert's titles, and simply allege "upon information and belief" that the Defendants possess the necessary authority, to infer culpability. This dearth of factual allegation is fatal and warrants dismissal of the allegations as against these Defendants. See Tracy v. NVR, Inc., 04 CV 6451, 2009 U.S. Dist. LEXIS 90778, at * 20-21, 2009 WL 3153150, at *5 (W.D.N.Y. Sept. 30, 2009) (citing Iqbal and denying motion to amend complaint to add individual defendants as futile because "upon careful analysis, the complaint asserts little more than because [one] was Chairman and [another] was President of [the corporate defendant], then each must have had authority to take the actions that comprise the [test for employer status under the FLSA], and that because each had the authority to take those actions, then each must have in fact taken those actions"), aff'd in relevant part at 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

Plaintiffs fail to plead any meaningful factual matter that either Le Coze or Ripert is an "employer" within the meaning of the Wage Laws and can be held individually liable. Where a plaintiff fails to plausibly assert facts establishing a basis for individual liability, judgment pursuant to Rule 12(b)(6) is appropriate. See Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *12, 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007) (dismissing FLSA and NYLL claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work"); Diaz v. Consortium for Worker Educ., Inc., 06 Civ. 7092, 2010 U.S. Dist. LEXIS 107722, at *10, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (Court

dismissed claims against defendant Consortium for Worker Education ("CWE") because the complaint stated "no facts indicat[ing] that CWE had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records"); Bravo v. Eastpoint Int'l, Inc., 99 CV 9474, 2001 U.S. Dist. LEXIS 3647 at * 4-5, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (granting motion to dismiss because plaintiffs' allegations that an individual defendant was "the principle [sic] owner" of corporate defendant would not "tend to establish her power to control the plaintiff workers"). Arencibia v. 2401 Restaurant Corporation, 699 F. Supp. 2d 318, 327 (D.D.C. 2010) (dismissing D.C. Wage Payment and Collection Law claims against restaurant chef-officer because plaintiffs did not assert they were employed by chef-officer "as opposed to (or in addition to)" corporate entity).

Here, as the claims against Le Coze and Ripert contain no facts to support that either was an "employer" within the meaning of the Wage Laws, all claims against them must be dismissed.

## CONCLUSION

Through Twombly and Iqbal, the Supreme Court has acknowledged the enormous toll discovery has on parties to litigation, and attempted to curb those burdens by requiring plaintiffs to plead sufficient facts before opening the gates to discovery. Here, the Complaint fails to survive Iqbal scrutiny. All claims against Le Coze and Ripert should therefore be dismissed, with prejudice.

Dated: New York, New York
January 20, 2012

        Respectfully submitted,

        JACKSON LEWIS LLP
        *ATTORNEYS FOR DEFENDANTS*
        *LE BERNARDIN, INC., MAGUY LE COZE, AND*
        *ERIC RIPERT*
        666 Third Avenue, 29th Fl.
        New York, New York 10017
        (212) 545-4000

By:     /s/
        FELICE B. EKELMAN, ESQ. (5692)
        NOEL P. TRIPP, ESQ. (8931)

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, Defendants Maguy Le Coze and Eric Ripert's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM
DENISE SCHULMAN
CHARLES JOSEPH
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
*ATTORNEYS FOR PLAINTIFF*
233 Broadway, 5th Fl.
New York, NY  10279

Daniel D. Schudroff, Esq.

4841-7935-3614, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, Defendants Maguy Le Coze and Eric Ripert's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM
DENISE SCHULMAN
CHARLES JOSEPH
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
*ATTORNEYS FOR PLAINTIFF*
233 Broadway, 5th Fl.
New York, NY  10279

Daniel D. Schudroff, Esq.

4841-7935-3614, v. 1