## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue, 29th Fl.
New York, New York 10017
(212) 545-4000

ATTORNEYS OF RECORD:
    FELICE B. EKELMAN, ESQ.
    NOEL P. TRIPP, ESQ.

-------------------------------------------------x    *VIA ECF*

LUIS PAZOS AND MIGUEL GONZALES
on behalf of themselves and other similarly
situated,

                Plaintiffs,        Civil Action No.: 11 CV 8360

      -against-              Sullivan, J.

LE BERNARDIN, INC., MAGUY LE COZE
and ERIC RIPERT

                Defendants.

-------------------------------------------------x

TO:    D. MAIMON KIRSCHENBAUM
        DENISE SCHULMAN
        CHARLES JOSEPH
        JOSEPH, HERZFELD, HESTER &
        KIRSCHENBAUM LLP
        *ATTORNEYS FOR PLAINTIFFS*
        233 Broadway, 5th Fl.
        New York, NY 10279
        (212) 688-5640

### DEFENDANT LE BERNARDIN, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

        Defendant, LE BERNARDIN, INC. ("Defendant" or "Le Bernardin" or the "Restaurant"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiffs' First Amended Complaint ("Complaint") as follows:

### AS TO "JURISDICTION AND VENUE"

1.     Defendant admits this Court has jurisdiction pursuant to the cited statutes generally, but denies that the Court can or should exercise such jurisdiction in this case, and further denies that supplemental jurisdiction is appropriate in this case.

2.     Defendant denies the allegations contained in paragraph 2 of Plaintiffs' Complaint, but admits that, to the extent jurisdiction is exercised in this case, venue is appropriate in this District.

### AS TO "THE PARTIES"

3.     Paragraph 3 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.     Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.     Paragraph 5 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.     Paragraph 6 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.     Defendant admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.     Paragraph 8 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Paragraph 11 of Plaintiffs' Complaint sets forth a definition and/or calls for a legal conclusion to which no response is required.   To the extent paragraph11 contains factual materials to which a response is required, Defendant denies the allegations contained in paragraph11 of Plaintiffs' Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint, but avers that Plaintiff Pazos was employed as a Front Waiter/Captain by the Restaurant from December 2005 to November 2011.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint, but avers that Plaintiff Gonzales was employed as a Back Waiter/Food Runner by the Restaurant from July 2004 to November 2011.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

14.     Defendant admits that Plaintiffs purport to proceed as set forth in paragraph 14 of Plaintiffs' Complaint, but denies they are entitled to any relief whatsoever.

15.     Paragraph 15 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Paragraph 16 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

17.     Defendant admits that Plaintiffs purport to proceed as set forth in paragraph 17 of Plaintiffs' Complaint, but denies they are entitled to any relief whatsoever.

18.     Paragraph 18 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Paragraph 19 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.    Paragraph 20 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.    Paragraph 21 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.    Paragraph 22 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint as they pertain to Defendant and its employees, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiffs' Complaint as to other employers and other employees.

24.    Paragraph 24 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint, including specifically sub-paragraphs a) through g).

**AS TO "FACTS"**

25.    Paragraph 25 calls for a legal conclusion.  To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint, and avers that any documents attached to Plaintiffs' Complaint speak for themselves.

26.    Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.    Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Paragraph 31 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Paragraph 36 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

### AS TO "FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)"

40.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 39 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

41.     Paragraph 41 calls for a legal conclusion.   To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant admits that Plaintiffs purport to proceed as set forth in paragraph 43 of Plaintiffs' Complaint, but denies they are entitled to any relief whatsoever.

### AS TO "SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)"

44.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 43 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Defendant admits that Plaintiffs purport to proceed as set forth in paragraph 48 of Plaintiffs' Complaint, but denies they are entitled to any relief whatsoever.

## AS TO "THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)"**

49.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 48 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF
**(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of Themselves and the Class)"**

54.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 53 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

55.     Paragraph 55 states only a general proposition of law to which no response is required.  To the extent paragraph 55 contains factual material to which a response is required, Defendant denies the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

### AS TO "FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
Brought by Plaintiffs on Behalf of Themselves and the Class)"

58.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 57 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

59.     Defendant denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

### AS TO "SIXTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
Brought by Plaintiffs on Behalf of Themselves and the Class)"

62.     Defendant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 61 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

63.     Defendant denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of Plaintiffs' Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations contained in Plaintiffs' "Prayer for Relief," including specifically sub-paragraphs A through J.

## AS TO "DEMAND FOR JURY TRIAL"

Defendant admits that Plaintiffs purport to demand a trial by jury, but denies that Plaintiffs are entitled to a jury trial as to any or all claims.

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly-situated to other individuals they purport to represent.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the <u>de minimis</u> doctrine.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the Fair Labor Standards Act ("FLSA").

## AS AND FOR A SEVENTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, <u>inter alia</u>, to the Portal-to-Portal Act and the FLSA.

## AS AND FOR AN EIGHTH DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

## AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A TENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## AS AND FOR A TWELFTH DEFENSE

Payments to Plaintiffs were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR A FOURTEENTH DEFENSE

To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendant requests that the Court:

a)      dismiss with prejudice Plaintiffs' Complaint;

b)      denies each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c)      award to Defendant reimbursement for its costs, including attorneys' fees; and,

d)      grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2012

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
666 Third Avenue, 29th Fl.
New York, New York  10017
(212) 545-4000

By: _____
FELICE B. EKELMAN, ESQ. (5692)
NOEL P. TRIPP, ESQ. (8931)

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, Defendant Le Bernardin, Inc.'s Answer to Plaintiffs' Complaint was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM
DENISE SCHULMAN
CHARLES JOSEPH
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
*ATTORNEYS FOR PLAINTIFFS*
233 Broadway, 5th Fl.
New York, NY  10279

Noel P. Tripp, Esq.

4816-6653-0318, v. 1