UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
| USDS SDNY                      |
| DOCUMENT                       |
| ELECTRONICALLY FILED           |
| DOC #: _____          |
| DATE FILED: 9-18-12            |
```

LUIS PAZOS, *et al.*,

                            Plaintiffs,

        -v-

LE BERNARDIN INC., *et al.*,

                            Defendants.

No. 11 Civ. 8360 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        The Court is in receipt of a letter from Defendant Le Bernardin Inc. ("Defendant"), dated

September 7, 2012 (the "September 7 Letter"), indicating Defendant's belief that "one Plaintiff

breached the confidentiality provision of the parties' [Settlement] Agreement," approved by the

Court on August 24, 2012, and requesting "that the Court allow Defendant to further investigate

the matter . . . [and] schedule a conference to address the scope of the breach." The Court is also

in receipt of a letter from Plaintiff, dated September 10, 2012 (the "September 10 Letter"),

asserting, *inter alia*, that the Court lacks jurisdiction over the dispute because "neither the

[Settlement Agreement] nor the Stipulation and Order of Dismissal in this action states that the

Court will retain jurisdiction to enforce the [S]ettlement [A]greement." Finally, the Court is in

receipt of Defendant's letter, dated September 14, 2012 (the "September 14 Letter"), in which

Defendant attempts to rebut Plaintiffs' jurisdictional argument.

        In arguing that the Court should retain jurisdiction to enforce provisions of the Settlement

Agreement, Defendant relies heavily on *Kokkonen v. Guardian Life Insurance Co. of America*, in

which the Supreme Court explained that a federal court may maintain ancillary jurisdiction to

enable it "to manage its proceedings, vindicate its authority, and effectuate its decrees." 511

U.S. 375, 379–80 (1994); *see also id.* (holding that a district court lacked the inherent power to enforce terms of a settlement agreement under the doctrine of ancillary jurisdiction in a case that had already been dismissed but noting that "[t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision . . . or by incorporating the terms of the settlement agreement in the order"). However, Defendant altogether neglects to mention that the Supreme Court in *Kokkonen* specifically held that a Court's "mere awareness and approval of the terms of [a] settlement agreement do not suffice to make them part of [its] order [of dismissal]."[1] *Id.* at 381.

Here, the Court, following *Kokkonen*, finds that it lacks the inherent power to enforce the terms of the Settlement Agreement under the doctrine of ancillary jurisdiction. As Plaintiffs rightly note in their September 10 Letter, "neither the [S]ettlement [A]greement nor the Stipulation and Order of Dismissal in this action states that the Court will retain jurisdiction to enforce the settlement agreement." (Sept. 10 Ltr. at 1.) Although Defendant argues that the Court's mere approval of the Settlement Agreement "incorporated the terms of the parties' agreement" (Sept. 14 Ltr. at 2), plainly, such an argument is directly at odds with the Supreme Court's analysis in *Kokkonen*. *See Kokkonen*, 511 U.S. at 381.

Accordingly, because the Court lacks the inherent power to enforce the terms of the Settlement Agreement, the Court DENIES Defendant's request, as made in its September 7

---

[1] The Court also finds that Defendant's reliance on *Cortes v. Skytop Restaurant, Inc.*, No. 09 Civ. 10252 (CM) (KNF), 2010 WL 4910242 (S.D.N.Y. Nov. 17, 2010), is entirely misplaced. (*See* Sept. 14 Ltr. at 2.) There, the district court continued to exercise jurisdiction only because it determined that it never scrutinized a proposed Fair Labor Standards Act settlement for fairness, thus rendering the proposed settlement and the stipulation dismissing the case nullities, not because the district court decided to somehow exercise ancillary jurisdiction. *Cortes*, 2010 WL 4910242, at *1–2. Therefore, the Court finds that *Cortes* is inapposite.

Letter.  *See id.* at 382 (explaining that, absent narrow circumstances, "enforcement of the settlement agreement is for state courts").

SO ORDERED.

Dated:     September 18, 2012
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE